UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH HARTSOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01914-TWP-MPB |
| | ) |
| WEXFORD HEALTH, INC.; | ) |
| BRUCE IPPEL; STACEY SCOTT; | ) |
| GLOVER Dr.; KEITH BUTTS; | ) |
| JENNIFER FRENCH; AMIE WILLIAMS; | ) |
| GLEN THOMPSON; THELMA NORNES; | ) |
| LONG Case Manager; JENNIFER SMITH; | ) |
| R. DAVIS Chief of Security; | ) |
| LAURA BASHAM; Sgt. SPARKS; | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion to Recruit Neutral Expert**

Plaintiff Joseph Hartsock moves for the Court to recruit a neutral medical expert witness under Federal Rule of Evidence 706(a). He asks that this expert witness (a) provide evidence regarding severe migraine headaches, (b) examine him, (c) possibly review the work of the defendants, and (d) testify in support of his policy, practice, or custom claims against defendant Wexford. Dkt. 150. Mr. Hartsock also asks that the pretrial schedule deadline for identifying expert witnesses be extended if his motion is granted. *Id.*

Rule 706 allows a court to appoint a *neutral* expert witness "that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). The purpose of this rule is to allow a court to obtain neutral expert testimony when "scientific or specialized knowledge will help the court to understand the evidence or decide a disputed fact." *Elcock v. Davidson*, 561 F. App'x 519, 524 (7th Cir. 2014). The Court "need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir.

2014) (citations omitted); see *Dobbey v. Carter*, 734 F. App'x 362, 364-65 (7th Cir. 2018) ("Federal Rule of Evidence 706 allows appointment of an expert witness if necessary to help the court understand the issues, not to assist a party in preparing his case." (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)).

Mr. Hartsock's principle purpose in seeking the recruitment of a Rule 706(a) expert is for help in supporting and bolstering his claims. The claims concerning whether Wexford has a policy, practice, or custom regarding prescription medicines is a predominantly fact-based claim that can be, if at all, proved without expert testimony or an expert's physical examination of a party. Mr. Hartsock's claims appear, at this point, relatively straightforward such that this Court will be able to understand the claims and evidence presented to resolve them. If at some point later in this litigation the Court discerns that a Rule 706(a) is necessary, the Court will reconsider whether it should attempt to find and appoint such an expert.

The motion for the recruitment of a Rule 706(a) expert, dkt. [150], is **denied** without prejudice.

**IT IS SO ORDERED**.

Date: 9/17/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Hartsock
966460
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN  47362

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

Adam Garth Forrest
Boston Bever Klinge Cross & Chidester
aforrest@bbkcc.com